STATE OF NORTH CAROLINA v. ADAM JOE LEWIS JORDAN, JR.

No. 742A85

(Filed 3 February 1987)

**Criminal Law § 66.18— in-court identification—appellate review—necessity for objection**

Defendant waived his right to have the admission of an in-court identification considered on appellate review by failing to object at trial to the in-court identification. Moreover, admission of the identification testimony was not error.

APPEAL by defendant from judgment of life imprisonment imposed by *Ross, J.,* at the 19 August 1985 session of Superior Court, CABARRUS County. Heard in the Supreme Court 8 December 1986.

*Lacy H. Thornburg, Attorney General, by Norma S. Harrell, Assistant Attorney General, for the state.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Robin E. Hudson, Assistant Appellate Defender, for the defendant.*

MARTIN, Justice.

It is not necessary to recite the sordid details of this case in order to resolve defendant's appeal. Defendant's sole argument is that his conviction of rape in the first degree was erroneous because the victim was allowed to testify as to her in-court identification of the defendant. Defendant's contention is without merit.

The record discloses the challenged testimony by the victim to be:

Q. Do you see the person in the courtroom today, ma'am?

MR. RUSSELL: Objection.

THE COURT: Approach the bench.

BENCH CONFERENCE

THE COURT: Overruled.

Q. Do you see the man in the courtroom today—

A. Yes, I do.

Q. —who assaulted you sexually back on the 10th of February, 1985?

A. Yes, I do.

Q. Would you please point him out, ma'am?

A. Right there.

Q. Are you indicating the fellow seated next to Mr. Russell?

A. Yes, I am.

MR. SPEAS: Your Honor, I'd like the record to reflect she has pointed to Adam Joe Lewis Jordan, the defendant.

THE COURT: Let the record reflect that the witness . . . has identified Adam Joe Lewis Jordan, Jr., as the individual who assaulted her on February 10, 1985.

At the point that defendant objected the state had not asked the victim to identify her assailant. Thereafter, defendant failed to object to the victim's in-court identification of him and thus defendant has waived his right to have this contention considered on appellate review. N.C.G.S. § 15A-1446(b) (1983). As this Court held in *State v. Foddrell*, 291 N.C. 546, 557, 231 S.E. 2d 618, 626 (1977):

> The rule is as quoted in *State v. Jones*, 280 N.C. 322, 339-340, 185 S.E. 2d 858, 869 (1972): "It is elementary that, 'nothing else appearing, the admission of incompetent evidence is not ground for a new trial where there was no objection at the time the evidence was offered.' . . . An assertion in this Court by the appellant that evidence, to the introduction of which he interposed no objection, was obtained in violation of his rights under the Constitution of the United States, or under the Constitution of this State, does not prevent the operation of this rule." *See State v. Lowery*, 286 N.C. 698, 213 S.E. 2d 255 (1975); *State v. Gurley*, 283 N.C. 541, 196 S.E. 2d 725 (1973); 4 Strong's North Carolina Index 3d *Criminal Law* § 162 (1976).

The present appeal is on all fours with *State v. Hammond*, 307 N.C. 662, 300 S.E. 2d 361 (1983) (holding that failure to renew objection to in-court identification testimony waived appellate review). We also note that defendant does not argue that the admission of the testimony constituted plain error.

Nevertheless, in our discretion we have examined the record carefully and have determined that the admission of the testimony was not error. *See id.* Additionally, we note that after the above-quoted testimony the victim testified without objection:

Q. Are you absolutely sure that the man that assaulted you that evening is Adam Joe Lewis Jordan, Jr.?

A. Yes, I am.

Q. Is there any doubt in your mind whatsoever?

A. No, sir, there is not.

Thus, even if defendant had objected to the previous testimony, his failure to object to the same evidence later admitted would have constituted a waiver of the hypothetical objection. *State v. Whitley*, 311 N.C. 656, 319 S.E. 2d 584 (1984); *State v. Murray*, 310 N.C. 541, 313 S.E. 2d 523 (1984). The new Evidence Code, chapter 8C of the General Statutes of North Carolina, does not change this law. 1 Brandis on North Carolina Evidence § 30 (Cum. Supp. 1986).

Defendant received a fair trial, free of prejudicial error.

No error.